Judge Ewing
delivered the Opinion of the Court.
Stewart sold and executed his bond to convey to Wilson, a tract of two hundred and three acres of land, in exchange for which Wilson was to convey to Stewart two hundred acres, estimated at eight hundred and fifty dollars, and to pay in boot, seven hundred and fifty dollars, a part of which he paid.
The land sold by Stewart to Wilson, was held under Stephen Langford, from whose heirs he had obtained a *51 general warranty deed, made by a commissioner, under a decree of a court of chancery.
Decree, &c.
After the sale by Stewart to Wilson, a suit was brought against both of them, by the heirs of Henderson; who succeeded in recovering the land, and, by the decree, the heirs of Henderson were directed to pay Stewart, for improvements on the land, seventy-two dollars fifty cents. The balance of the land sold by Stewart, was afterwards recovered in a suit brought against him by Adams.
Wilson filed his bill against Stewart, the heirs and personal representatives of Langford, the heirs of Henderson, and Loftus Cook, who is alleged, fraudulently and without valuable consideration, to have obtained from Stewart a pretended assignment of the recourse held by him upon the heirs of Langford, on their warranty deed, and also, of the decree which Stewart had obtained against Henderson’s heirs, for improvements— praying that the heirs of Henderson and the representatives of Langford might be enjoined and restrained from paying the aforesaid sums to Stewart or Cook, and that they might be applied to the extinguishment of the amount due him, for advancements made by him to Stewart, on said purchase, over and above the tract of land given in exchange, which he alleges to have been the sum of seven hundred and fifty dollars; and charges Stewart to be insolvent.
The Circuit Court, by an interlocutory decree, directed a jury to be empannelled to ascertain facts, in relation to the amount of Stewart’s recourse on Langford’s representatives, and the amount of improvements made, and rents issuing from each tract exchanged, and the amount of money and property paid by Wilson to Stewart; and after those facts were ascertained, made a final decree, sustaining the equity of Wilson, and directing the heirs of Henderson to pay to him, the amount decreed against them in favor of Stewart, for improvements, and the heirs of Langford to pay him the amount of their liability to Stewart, upon their covenant of warranty, and current interest from the finding of the jury; and after deducting those amounts front the whole amount *52 found due to Wilson, decreed the residue to be paid by Stewart, with accruing interest thereon, and that Stewart and Cook pay the costs,
Several def’ts, necessary parties, are not summoned: yet this court, perceiving that no essential change can be made in the case, consent, at the request of the parties, to give an opinion upon the merits—contrary to the usual practice.
An enquiry of fact in chancery, was referred to a jury: as neither the evidence, nor any motion to set the verdict aside, is found in the record, the presumption here is in favor of the verdict, and it must be sustained.
Land is sold by executory contract; a stranger recovers it, but is held liable for improvements—the amount of which is decreed to the vendor, as holder of the title: the purchaser is entitled to the benefit of that decree; and, as, in equity, he should be placed upon the same footing as tho’ the deed had been made, which would have given him a legal fight to go upon the remote warrantors, as the covenants run with tho land,—he is also, entitled to the benefit of any recourse which his vendor can have, upon covenants of warranty of the same land; and these rights he may enforce by bill in equity-especially, when his vendor is insolvent.
*52 From this decree the defendants have brought the case to this Court.
We are met at the threshold, with the objection that the proper parties w.ere not brought before the Court.
By a scrutiny of the record, it appears that the process has not been executed on Joseph Henderson, Patsy Henderson, Clark Henderson, or Lucinda Thompson, heirs of William Henderson, deceased; and that though an order of publication has been made against Benjamin Langford, one of the heirs of Stephen Langford, deceased, there is no certificate of the printer, or other evidence, mat the publication was ever made. I hey were an necessary parties, and should have been brought before the Court, and fox this error, the decree of the Circuit Court must be reversed.
But as the parties desire the opinion of this Court on the merits of the case, and as from the nature of the case, we perceive that no essential change can be made in the facts, so as to alter materially the final result, we are disposed to deviate from the common practice of this Court, and express our opinion upon the merits.
No objection can be sustained by this Court, to the several amounts found by the jury, for consideration paid, for rents or improvements, or other matters submitted to their consideration. No objection was taken to their finding in the Circuit Court, or any effort made to obtain a new inquiry. Nor are the facts upon which the jury based their finding, (much of which may have been in parol,) preserved and exhibited m the record.
It is now too late to raise an objection in this Court, and if raised, there are no facts in the record by which this Court cap be enabled to test the correctness of the finding of the jury.
Wilson’s claim against Stewart, to have the consideration paid, refunded, upon the loss of the land sold, is unquestionable. And the amount having been fixed by the finding of the jury, without objection, there can be no tenable objection to his right to recover against Stewart.
An assignee takes the assignment subject to all equities of which he has notice Among mere equities the elder prevails.
The possession of land by one party, is sufficient to put all others upon enquiry as to equities affecting the title, and operates as notice.
The transfer of what is not asassignable by law passes only an equity, &c.
And we deem it equally clear, upon well settled principles of equity, that he had an equitable right to the benefit of the decree against Henderson’s heirs, for improvements, as well as against Langford’s heirs and representatives, for Stewart’s recourse upon them.
By the purchase, Wilson obtained an equitable interest in tho land, and had an equitable claim for the improvements made upon it, as well as for any recourse which Stewart held upon remote vendors, in consequence of his warranty.
Had a conveyance been made by Stewart to Wilson, before the land was lost, Wilson would have been legally entitled to pay for improvements; and in that state of case, the decree against Henderson’s heirs, instead of being rendered in favor of Stewart, would have been rendered, in the first instance, in favor of Wilson, So also, had a conveyance been made, the covenants of warranty would run with the land, and Wilson, and not Stewart, would have been entitled to all remedy upon the warranty of Langford’s heirs. Equity looks upon that as done, which should have been done, and though the conveyance has not beep made, the Court, for all equitable purposes, will place Wilson in the same condition as if the conveyance had been made, and afford to him, the same measure of equitable relief, especially, in in the present case, when Stewart is alleged and admitted to be insolvent.
Cook’s assignment can interpose no impediment: first—because the evidence is satisfactory, that he had notice, actual or constructive, of Wilson’s purchase from Stewart; second—the equity pf Wilson is prior in time to the equity of Cook, and between mere equities, must prevail.
Long before the assignment to Wilson, Cook must have had knowledge that Wilson was in possession of the land. This was sufficient to have put him upon enquiry as to the nature and character of his claim, if he had not actual knowledge of his purchase, of which there is strong evidence
But if he had no notice, the assignment to Cook passed no legal right. The claims. assigned were not legally as *54 signable. The assignment invested him only with the use, or equitable interest in the demands assigned; which being long subsequent to the obligation to convey to Wilson, conferred on him only a junior equity, which must yield to the prior equity of Wilson.
A Court of Eq. will not decree current interest, when it could not be recovered at law.
A purchaser of land, by executory contracts, loses it by the recovery of a stranger, and his vendor, to whom he has paid the consideration, being insolvent, he files a bill to secure the benefit of a decree obtained by the vendor for improvement, and the vendor's recourse upon his warrantors; the cause being thus in possession of the ch'r, a final decree against the purchaser in personam, for an unsatisfied balance, was proper.
But there is error in so much of the decree as directs accruing interest against Langford’s heirs, as well as against Stewart. At law, in either case, had a conveyance been made, accruing interest could not have been recovered. The aggregate amount recovered must have been in damages, for a breach of covenant. And a court of equity will not decree running interest where it could not be recovered at law. What change has been made on this subject by the act of the last Legislature, it is not necessary now to determine, as it cannot effect the decree heretofore rendered.
We perceive no error in the decree against Stewart, for balance found in favor of Wilson. A court of equity rightfully took possession of the cause, to afford remedy to Wilson against Henderson’s and Langford’s heirs, and having possession of the cause for this purpose, had a right to retain it to do full and complete justice, and was not bound to turn Wilson round to his suit at law for a recovery of the balance due him. That would be an encouragement of litigation, and a multiplication oi suits, which is repugnant to, and incompatible the principles of a court of chancery,
Nor do we perceive any error in the joint decree against Stewart and Cook, for the costs. Both were necessary parties, and both equally resisted the decree, on the same ground, at every stage of the case, and Cook was beneficially interested in resisting it.
For the errors before noticed, it is the opinion of this Court, that the decree of the Circuit Court be reversed, and the cause remanded, that further proceedings may be had. But as all the defendants below have appeared in his Court by counsel, it will now be unnecessary fop further process to be executed upon them.